### No. 742
### ROBERTS v. ROBERTS
Ohio Appeals, 7th Dist., Mahoning County
Decided Oct. 10, 1924.

953. SURETIES—(1) Surety cannot recover from principal until he has been compelled to pay upon his suretyship.

2. Surety entitled to equitable relief as against principal.

POLLOCK, J.                Epitomized Opinion
Published Only in Ohio Law Abstract

Frank Roberts brought an action for an accounting alleging that he and John Roberts had geen jointly interested in the contracting business and while so interested constructed numerous buildings in the Mahoning Valley; that an accounting was had and it was agreed that John Roberts was indebted to Frank Roberts in the sum of $1,581. He then asked judgment for this amount. John Roberts denied the indebtedness and by way of cross-petition he set out the contract entered into between Frank and himself, by the terms of which he agreed to pay Frank $1,580 and that Frank had agreed to collect all the bills due for any work and to pay all bills arising from said joint contract.

He claimed that by reason of Frank Roberts's failure to pay claim of the Union Wholesale Lumber Company he was compelled to endorse a note for security of Frank Roberts in the sum of $3,181 to avoid foreclosure, and that Frank Roberts had not paid said note and that he was liable thereon. He also set up that he had borrowed $1,075 for Frank Roberts and that he had signed a note as surety or endorser, which note Frank had refused to pay. He further set up that Frank had agreed with him to pay $1,689, a certain mechanic's lien filed by the Union Wholesale Lumber Co. The court found in favor of the defendant, John Roberts, in the sum of $3,-164.71. In reversing the judgment of the lower court, the Appeals held:

1. As surety, John Roberts had not paid any of the claims upon which he was secondarily liable with Frank Roberts and until such paymenes were made he was not entitled to a judgment as against Frank Roberts in an action at law.

2. The said John Roberts, as surety, was entitled to equitable relief to prevent Frank Roberts from collecting the claim which he held against the former until the claims set up by John Roberts were paid, but as such relief was not asked for, a money judgment in favor of John Roberts must be reversed.

Attorneys—J. M. Modarelli, for Frank Roberts; T. W. Antonelli, for John Roberts; both of Youngstown.

---

### No. 743
### SCHUHOLZ v. WALKER et al
Ohio Appeals, 1st Dist., Hamilton County
No. 2228.  Decided Aug. 17, 1923

755. MECHANIC'S LIEN — "Owner" to whom notice of filing mechanic's lien is given held owner at time of construction, not subsequent purchaser.

The judgment in this case was reversed by Supreme Court. 2 Abs. 674.

BUCHWALTER, J.          Epitomized Opinion
Published Only in Ohio Law Abstract

Schuholz, a subcontractor, brought an action against Anna Walker et al for foreclosure of a mechanic's lien. Schuholz contracted with one Stella Runyan, a former owner of the property, who after the house was built conveyed same to the Walkers. Demurrer to to the petition was sustained by the Common Pleas, to which ruling error was presented by Schuholz. Affirming, the Court of Appeals held:

The sole question for determination is upon whom the affidavits should be served. The "owner of the property" in 8310 and 8320 GC. refers to the person who was owner when the contract was made and the lien must be filed against and copy of the affidavit served upon the owner at the time set forth and not a subsequent purchaser. Citing Gill v. Konvisser, 45 OCC. 839; 32 OCA. 542; Fisher v. Jacobs, 32 Dec. 34.

Attorneys—Leonard H. Freiberg, for Schuholz; Powell Crosley and John J. Acomb, for Walker; all of Cincinnati.